## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FATHI ELJAAN** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 16-67-SDD-RLB** |
| **EMAD NOFAL, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 27, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FATHI ELJAAN** | **CIVIL ACTION** |
| **VERSUS** | |
| **EMAD NOFAL, ET AL.** | **NO. 16-67-SDD-RLB** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On March 7, 2016, the Court granted Fathi Eljaan's ("Plaintiff") Motion for Leave to Proceed in Forma Pauperis. (R. Doc. 7). As Plaintiff is now proceeding in forma pauperis ("IFP"), this Court has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the Complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim upon which relief may be granted.

**I.   Nature of the Plaintiff's Allegations**

Plaintiff filed a Complaint on February 2, 2016, naming as Defendants Emad Nofal, who is identified as an employee of the Louisiana Department of Environmental Quality ("LDEQ"), and Dr. Mostapha Diack, who is identified as being affiliated with Southern University in Baton Rouge, Louisiana. (R. Doc. 1).[1] The Complaint states that the grounds for filing the action are "unfair treat[ment], resulting defam[ation] and sickness." (R. Doc. 1 at 1). Plaintiff seeks "justice and respect" from the Defendants, and particularly requests Mr. Nofal "to leave [him] alone." (R. Doc. 1 at 2).

---

[1] The only defendants named in the caption are Emad Nofal and Mostapha Diack. In the Complaint, Plaintiff also names as Defendants Dr. Sousana Craig and Dr. Richard Baker, who are also identified as being affiliated with Southern University.

1

Plaintiff provides the statement of his claim in an attached typewritten document. (R. Doc. 1-1).  While Plaintiff's writing is difficult to decipher and follow, it appears that Plaintiff alleges that he is a graduate student at Southern University, and had been a friend of Dr. Diack for 18 years.  Plaintiff appears to allege that 14 years ago, Mr. Nofal admitted to the Baton Rouge Police Department that he stole $4,000 worth of valuables that belonged to Plaintiff's children, and then bribed or blackmailed Dr. Diack into performing certain acts against Plaintiff's interests.  Plaintiff alleges that Dr. Diack and Dr. Baker gave him failing and/or unsatisfactory grades and/or assessments in his graduate coursework. (R. Doc. 1-1 at 1-2).  Plaintiff alleges that Dr. Craig has ignored his dissertation work. (R. Doc. 1-1 at 1-2).

On August 5, 2016, the Court issued an Order giving Plaintiff an opportunity to file an Amended Complaint on the grounds that the original Complaint did not contain a valid basis for the exercise of federal jurisdiction. (R. Doc. 23).  The Order required Plaintiff to set forth any additional facts or legal basis for the Court to conclude that federal jurisdiction is proper. (R. Doc. 23 at 2).

On August 25, 2016, Plaintiff filed an Amended Complaint. (R. Doc. 24).  The amendment suggests that when Dr. Diack met Mr. Nofal at mosque, Dr. Diack's attitude toward Plaintiff began changing for the worse. (R. Doc. 24 at 1).  Otherwise, the amendment provides some additional allegations regarding Mr. Nofal's negative influence on Plaintiff's life, and then recounts the allegations in the Complaint. (R. Doc. 24 at 1-2).  Plaintiff also identifies himself as a "Ph.D. student in chemistry/high education." (R. Doc. 24-1).

2

## II.     Law and Analysis

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible").  Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).  When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).  Nonetheless, "[f]actual

3

allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

Here, the Court has provided Plaintiff with an opportunity to amend his complaint to provide a basis for this Court's subject-matter jurisdiction. Plaintiff has not done so.

Plaintiff has not established that the Court has federal question jurisdiction on the basis that his action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). Plaintiff has not referenced any federal law under which he is seeking recovery. The Court is not

aware of any federal law that guarantees a student a particular grade in school or a satisfactory assessment of the student's coursework. To the extent that Plaintiff is seeking damages for defamation or some other harm to his reputation, that relief may be available pursuant to state law. Accordingly, there is no basis for finding federal question jurisdiction.

Assuming that Plaintiff has set forth a valid claim under state law, this Court may only exercise jurisdiction over those claims if the parties are diverse and the amount in controversy is satisfied. For there to be diversity jurisdiction over a civil action, it must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). The citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). In the absence of any allegations providing otherwise, Plaintiff has not established that there is complete diversity between the parties. The Court also notes that the Complaint alleges that all of the Defendants are employed in Louisiana. Indeed, both Plaintiff and Defendants Nofal and Diack have provided the Court residential addresses in Louisiana. As such, it appears that the Plaintiff's citizenship is not completely diverse from all Defendants. Accordingly, even if Plaintiff is seeking an amount in recovery in excess of the jurisdictional amount,[2] there is no basis for finding diversity jurisdiction.

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the

---

[2] In a status report filed on June 16, 2016, Plaintiff asserts that he has calculated his damages at approximately $920,000 in light of his suspension from the University, "personal," "social," and "academic" defamation, and certain medical bills and transportation costs. (R. Doc. 14-1 at 7).

5

parties or otherwise that the court lacks jurisdiction of the subject matter.'" *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)).

Based on the foregoing, the Court concludes that the action must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Williamwest v. Morgan Bldg. & Spas, Inc.*, No. 07-977, 2007 WL 1030095, at *2 (E.D. La. Mar. 28, 2007) (dismissing claim for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)).

### III.     Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION,** and **WITHOUT PREJUDICE** to any right Plaintiff may have to file his claims in state court.

Signed in Baton Rouge, Louisiana, on February 27, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**